# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-4928

**Case Name** Giuseppe Pampena, et al. v. Elon R. Musk

**Counsel submitting this form** Ellyde R. Thompson

**Represented party/parties** Elon R. Musk

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs filed this case on October 10, 2022, claiming that Defendant Elon Musk published a series of tweets or statements relating to his 2022 acquisition of Twitter that purportedly violated Section 10 of the Securities Exchange Act and Rule 10b-5. Plaintiffs represent a class of stockholders and options traders who sold the publicly traded stock or call options, or purchased the put options, of Twitter, Inc. during the period from May 13, 2022 through October 4, 2022, both dates inclusive, and who allege they suffered damages by Defendant's alleged violations of § 10(b) and of the Exchange Act.

*Briefly describe the result below and the main issues on appeal.*

This securities fraud class action was tried to a jury in March 2026. At trial, Plaintiffs alleged that Musk was liable for two tweets (dated May 13 and May 17), and a May 16 statement on a podcast that Plaintiffs argued falsely represented the circumstances surrounding Musk's potential acquisition of Twitter. Plaintiffs also pursued a scheme liability claim that asserted Musk engaged in a months-long scheme to artificially depress Twitter's share price. The jury found Musk did not engage in a fraudulent scheme and was not liable for his May 16 statement. It found that Musk's May 13 and 17 tweets violated Rule 10b-5(b). The court entered judgment for Plaintiffs and later granted judgment as matter of law for Musk as to the May 17 tweet. Musk expects to raise on appeal at least the following issues: (1) The jury's verdict was not supported by substantial evidence because Plaintiffs failed to prove a material misrepresentation, scienter, economic loss, loss causation, or reliance; (2) The district court erred in instructing the jury; (3) The district court erred in certifying, or in failing to decertify, the class; (4) The verdict was the result of bias and cumulative prejudice; (5) The district court erred in admitting inadmissible and highly prejudicial evidence based on the scheme liability claim and dismissed statements, including statements protected by the Noerr-Pennington doctrine; and (6) The district court erred in precluding Musk from rebutting the reliance of individual class members.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The only proceeding remaining below is the claims administration process, which is proceeding in accordance with Judge Breyer's July 6, 2026 order. In that order, Judge Breyer approved Plaintiffs' proposed claims administration procedure, motion for prejudgment interest and motion for approval of class notice of verdict.

**Signature** /s/ Ellyde R. Thompson **Date** 08/05/2026

*(use "*s/[typed name]*" to sign electronically-filed documents)*